## Covenant Mutual Life Association v. Victoria C. Cox.

1. Instructions—*Ignoring the Issue Raised by the Pleadings.*—In a suit on an insurance policy, issue was joined on the question whether the insured had made false representations as to the state of his health, and particularly that he did not have a tumor. An instruction permitted the jury to understand that if they should find the direct cause of the insured's death was a surgeon's effort to cure the tumor they might ignore the issues raised by the pleadings and find for the plaintiff. *Held,* that the instruction was erroneous.

2. Same—*Should Relate to the Questions at Issue.*—The court holds that the third instruction for the plaintiff was improper under the issues and evidence in the case; that it wholly ignored the principal contested issue and tended to obscure and mislead.

Assumpsit, on an insurance policy. Appeal from the City Court of East St. Louis; the Hon. B. H. Canby, Judge, presiding. Heard in this court at the February term, 1897. Reversed and remanded. Opinion filed September 10, 1897.

*Instructions referred to in the opinion of the court:*

2. If you believe from the evidence in this case that the insured died from any other cause than bowel trouble, cancer or tumor, and that plaintiff has made out, by the evidence, her case, as charged in the declaration, your verdict should be for the plaintiff.

3. If the jury believe from the evidence in this case that the assured took out a policy as stated in the declaration; that he paid the premiums thereon until the time of his death, and that he has in all respects complied with his undertakings in the application and policy, your verdict should be for the plaintiff for the amount of said policy and five per cent interest thereon from the 27th day of June, 1896.

W. C. Calkins and Forman & Watts, attorneys for appellant.

Wm. P. Launtz, attorney for appellee.

Mr. Presiding Justice Creighton delivered the opinion of the Court.

This was an action in covenant on a life insurance policy or certificate, by appellee against appellant, commenced in the City Court of East St. Louis. The declaration avers

that on the 27th day of January, 1896, upon application of Alonzo H. Cox, appellant made its policy or certificate of insurance upon the life of said Alonzo H. Cox, for the use and benefit of appellee, and by, and with consent of said Alonzo H. Cox, delivered same to appellee. Policy or certificate set out at length in *haec verba:* " that on the 27th day of February, 1896, insured died," etc., in usual form. Appellant pleaded specially with other matter, in substance, the following :

That the application in the said declaration mentioned by express stipulation therein contained, was made the basis of the contract between the said Alonzo H. Cox and this defendant, and the said Alonzo H. Cox warranted the statements and answers in said application to be true, final and complete; admitted the same to be material, and further therein agrees, that if any untrue statements or answers had been made, that the contract should be null and void.

That in said application, the said Alonzo H. Cox did make fraudulent and untrue statements and answers as follows, that is to say, in answer to the question : " Have you now, or have you ever had ulcer or tumor ? " the said Alonzo H. Cox answered " No;" when in truth and in fact, the said Alonzo H. Cox had theretofore, and during a period of several months prior thereto, had tumor; that in said application, the said Alonzo H. Cox did make fraudulent and untrue statements and answers as follows, that is to say, " Have you now, or have you ever had disease of the bowels ? " the said Alonzo H. Cox answered " No;" whereas, in truth and in fact, he did have and had been afflicted with such disease, as he, the said Alonzo H. Cox, then and there well knew; and avers that by reason of the said disease of the bowels it became necessary, and the said Alonzo H. Cox did submit to a surgical operation, as the result of which he died.

Appellee's replications admit the making of answers to questions propounded in the application, as set out in the pleas, and that such answers are the basis of the contract, and denies that the answers are untrue.

Trial was by jury and resulted in a general verdict for appellee, for $1,500, the amount named in the policy. Answers were also returned by the jury to questions of fact specially submitted, among others as follows: "At the time Alonzo H. Cox made application for the insurance was he afflicted with tumor? A. No. At the time Alonzo H. Cox made application for the insurance, did he have disease of the bowels? A. No."

Motion for new trial overruled; judgment on the verdict; appellant brings the case to this court by appeal.

The following is all that, in the present state of this case, we deem material of the application signed by the insured, upon which the contract of insurance was based and the policy issued:

"I, Alonzo H. Cox, hereby apply for $1,500 insurance upon my life in the Covenant Mutual Life Association, upon the whole life plan, and for that purpose make the following statements as the basis of the contract between the association and myself:

Have you had any of the following diseases? Answer each and every question separately, "Yes," or "No."

Disease of the bowels? A. No.

Cancer or tumor? A. No.

Have you ever had any disorder not mentioned above, serious illness, local injury, or disease? A. No.

I, the undersigned applicant hereby agree ........... that all the foregoing statements and answers to questions ..... I adopt as my own, admit to be material, warrant to be true, full and complete, and make the basis of the contract with said association, and in the event any untrue statements or answers have been made ............ this contract shall be null and void, and of no effect."

Signed by ALONZO H. COX.

The weight of the testimony so strongly tends to show that the answers of the insured were untrue and fraudulent that we can only account for the finding of the jury upon the theory that they were misled by the instructions of the court, or moved by prejudice or passion. The second instruction given by the trial court on behalf of appellee is not the law under the issues as made up in the case.

That instruction permitted the jury to understand the law to be that if they should find that the direct cause of insured's death was the surgeon's effort to cure the tumor, an undisputed fact in the case, then all issues raised by the pleadings and contested by the evidence would be of no consequence at all.

The third instruction has no proper place, under the issues and evidence in this case. It wholly ignores the principal contested issue and tends to obscure and mislead. The cause must be reversed and we purposely refrain from detailed comment on the evidence.